**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DR. MARCO BITETTO,**

                            **Plaintiff,**

    vs.                                          **1:18-CV-921
(MAD/DJS)**

**MR. TIM BAXTER,**

                            **Defendant.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**MARCO BITETTO**
4 Fourth Avenue
Rensselaer, New York 12144
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On August 6, 2018, Plaintiff commenced this action alleging in a two paragraph complaint that "uniquely patented" technology that he developed was stolen by IBM and subsequently sold. *See* Dkt. No. 1. The complaint makes no specific allegations against the named Defendant. *See id.*

On August 17, 2018, Magistrate Judge Stewart conducted an initial review of the complaint. *See* Dkt. No. 9. Magistrate Judge Stewart found that the complaint fails to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See id.* at 5-6. Specifically, Magistrate Judge Stewart noted that the complaint fails to identify the patent that has allegedly been infringed, fails to cite to the particular statute on which Plaintiff relies, and fails to indicate how the only named Defendant is involved in the alleged patent infringement. *See id.* As such,

Magistrate Judge Stewart recommended that the Court dismiss the complaint, but, in light of Plaintiff's *pro se* status, permit leave to amend. *See id.*

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept,

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that the Court should dismiss the complaint with leave to replead. A complaint alleging patent infringement plausibly alleges a claim and satisfies Rule 8(a) when it "(1) alleges ownership of the asserted patent, (2) names each individual defendant, (3) cites the patent that is allegedly infringed, (4) describes the manner in which the defendants allegedly infringe, and (5) identifies the specific sections of the patent law invoked." *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004) (citations omitted); *see also Lennon Image Techs., LLC v. Coty Inc.*, No. 17-cv-9146, 2018 WL 3462517, *3 (S.D.N.Y. July 18, 2018) (citations omitted). Plaintiff's complaint clearly fails to satisfy these requirements.

In response to the Report-Recommendation and Order, Plaintiff filed two documents entitled "Facts in the Case." Dkt. Nos. 10 & 11. In these documents, Plaintiff reiterates the conclusory allegations made in the complaint, makes reference to a story from the "Book of Judges," and attaches a story from "The Verge" entitled "Samsung Uses IBM's brain-inspired chip to recognize gestures," that was included with his complaint. *See id.* Nothing in these documents alters the Court's conclusion that Plaintiff's complaint fails to satisfy the minimal pleading requirements.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed without prejudice; and the Court further

3

**ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file his amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 30, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge