**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DR. MARCO BITETTO,

                      Plaintiff,

    - v -                                    Civ. No. 1:18-CV-921
                                                (MAD/DJS)

MR. TIM BAXTER,

                      Defendant.

**APPEARANCES:**                                  **OF COUNSEL:**

MARCO BITETTO
Plaintiff *Pro Se*
4 Fourth Avenue
Rensselaer, New York 12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Marco Bitetto filed a Complaint referencing alleged patent infringement. Dkt. No. 1, Compl. In a Report-Recommendation and Order, I recommended that the Complaint be dismissed with leave to replead because Plaintiff had failed to satisfy the particular requirements for pleading a patent infringement claim. Dkt. No. 9, Report-Rec. The District Court adopted the Report-Recommendation and granted Plaintiff thirty days in which to file an amended complaint. Dkt. No. 12, Order. Plaintiff subsequently filed two documents captioned as "Facts in the Case." Dkt. Nos. 13 and 16. Given his *pro se* status,

the Court construes these nearly identical documents as Plaintiff's attempt to file an amended complaint and will review the sufficiency of these filings pursuant to 28 U.S.C. § 1915(e).

Where, as here, a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action. The standards for conducting this review were set forth in detail in the initial Report-Recommendation and will not be repeated here. *See* Report-Rec. at pp. 2-4.

The Report-Recommendation, and the subsequent Order adopting it, identified for Plaintiff the particular requirements for pleading a patent infringement case that were absent from his Complaint. Report-Rec. at pp. 4-5; Order at p. 3. As previously noted, proper pleading in a patent infringement requires that "the plaintiff: (1) alleges ownership of the asserted patent, (2) names each individual defendant, (3) cites the patent that is allegedly infringed, (4) describes the manner in which the defendants allegedly infringe, and (5) identifies the specific sections of the patent law invoked." *Home & Nature Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004).

The filings presently before the Court make no effort to address these basic requirements. In fact, they appear to be largely duplicative of prior filings in this case. *See*

Dkt. Nos. 10 & 11.  These filings suffer from the same deficiencies originally identified including the failure to specifically identify the patent that has allegedly been infringed, the patent statute at issue in the case, and to make specific allegations against the named Defendant.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once if there is any indication that a valid claim might be stated."  *Veronese v. Finkle*, 2011 WL 6258812, at *2 n. 1 (N.D.N.Y. Dec. 12, 2011) (citing cases).  However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment."  *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases).

Here, Plaintiff was afforded an opportunity to amend and was given specific direction as to the form and requirements for a patent infringement claim.  Report-Rec. at pp. 4-5; Order at p. 3.  The new submissions filed by Plaintiff, however, fail in any meaningful way to address the deficiencies identified in the Report-Recommendation and do not comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  In such a circumstance, dismissal with prejudice is appropriate.  *Liqiang Wei v. Hoffmann*, 2018 WL 4266129, at *1 (N.D.N.Y. Aug. 14, 2018), *report and recommendation adopted,* 2018 WL 4266039 (N.D.N.Y. Sept. 6, 2018) (denying second opportunity to amend when Amended Complaint "suffers from many of the same deficiencies as those identified" in dismissing the

original complaint). Given the nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when []he took no steps to do so with [his] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases).

**ACCORDINGLY**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915 for failure to state a claim; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by certified mail, return receipt requested, upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  November 27, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge