**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARCO BITETTO,**

                           **Plaintiff,**

    vs.                                                1:18-cv-921
                                                              (MAD/DJS)
**TIM BAXTER,**

                           **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**MARCO BITETTO**
4 Fourth Avenue
Renssellaer, New York 12144
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff commenced this action on August 6, 2018, alleging patent infringement. *See* Dkt. No. 1. In an August 17, 2018 Report-Recommendation and Order, Magistrate Judge Stewart conducted an initial review of the complaint and recommended that the Court dismiss the complaint with leave to replead. *See* Dkt. No. 9. On October 30, 2018, the Court adopted the Report-Recommendation and Order and directed Plaintiff to file an amended complaint within thirty days. *See* Dkt. No. 12.

      Plaintiff subsequently filed two documents captioned as "Facts in the Case." Dkt. Nos. 13 & 16. In light of his *pro se* status, Magistrate Judge Stewart construed these two documents as Plaintiff's attempt to file an amended complaint and reviewed the sufficiency of these filings pursuant to 28 U.S.C. § 1915(e). *See* Dkt. No. 17. In his review, Magistrate Judge Stewart again found that Plaintiff failed to plausibly allege a claim of patent infringement. *See id.* at 2-5. Magistrate Judge Stewart noted that Plaintiff failed to address the basic pleading requirements for

such a claim, which include the following: (1) alleging the ownership of the asserted patent, (2) naming each individual defendant, (3) citing the patent that is allegedly infringed, (4) describing the manner in which the defendants allegedly infringed, and (5) identifying the specific sections of the patent law invoked. *See id.* at 2. Finally, Magistrate Judge Stewart recommended that the Court dismiss the "amended complaint" with prejudice, in light of the fact that Plaintiff failed in any meaningful way to address the deficiencies identified in the previous Report-Recommendation and Order. *See id.* at 3.

In his objections to the Report-Recommendation and Order, Plaintiff makes no attempt to explain the deficiencies identified by Magistrate Judge Stewart. *See* Dkt. No. 19. Rather, Plaintiff simply states that he has filed five cases in the Northern District of New York and claims that these other matters were "unjustly" dismissed. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to

2

object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Upon review of the record, the Court finds that Magistrate Judge Stewart committed no clear error and adopts the Report-Recommendation and Order in its entirety. Plaintiff's "amended complaint" falls far short of plausibly alleging a claim of patent infringement as detailed by Magistrate Judge Stewart. Further, the Court finds that Magistrate Judge Stewart correctly determined that this action should be dismissed with prejudice despite Plaintiff's *pro se* status. Plaintiff was provided with detailed instructions as to what was required to state a plausible claim of patent infringement yet failed to correct the deficiencies identified in his original complaint.

Upon review of Magistrate Judge Stewart's findings, the entire record before the Court and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's amended complaint is **DISMISSED** with prejudice; and the Court further

3

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 4, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge